# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KELVIN LOVETT,

           Petitioner,

        -vs-

DONALD MORGAN, Warden,
 Southern Ohio Correctional Facility,

           Respondent.

:

:

:

:

Case No. 1:11-cv-518

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

---

## REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case brought *pro se* by Petitioner Kelvin Lovett to obtain relief

from his conviction in the Hamilton County Common Pleas Court for aggravated robbery, rape,

and kidnapping with a three-year consecutive firearm specification conviction.

Lovett pleads the following grounds for relief:

> **Ground One:** The evidence was insufficient as a matter of law
> and/or against the manifest weight of the evidence to sustain
> Appellant's convictions for rape, kidnapping, aggravated robbery,
> and robbery
>
> **Ground Two:** Appellant was denied effective assistance of counsel
> in violation of his constitutional rights, thus prejudicing his right to
> a fair trial.
>
> **Ground Three:** The Trial Court erred as a matter of law by
> improperly sentencing Appellant.
>
> **Ground Four:** The prosecutor erred to the substantial prejudice of
> the defendant-appellant when it [sic] knowingly presented prejuried
> [sic] testimony at trial.  (Issues for review and argument) Did the

state violate the appellant's right to due process and a fair trial when the prosecutor knowingly introduced and/or allowed trial testimony that it [sic] knew or should have known was false and allowed it to go uncorrected when it appeared?

**Ground Five:** Appellant was denied his Sixth Amendment right under section 5, Article I, Ohio Constitution right to confront witnesses.

**Ground Six:** Appellant was deprived of his Fifth Amendment, U.S. Constitution; section 10, Article I [Ohio Constitution] indictment by grand jury and double jeopardy.

**Ground Seven:** Appellant was prejudiced by his Fourth Amendment U.S. Constitution; Section 14, Article I Ohio Constitution search and seizure.

**Ground Eight:** The trial court erred to the prejudice of Appellant's co-defendant by commenting on his failure to testify.

(Petition, Doc. No. 1.)

## Procedural History

Lovett was indicted on April 30, 2009, along with Johnny Gamble, on charges of rape, kidnapping, aggravated robbery, and robbery, all but the last carrying firearm specifications. After waiver of a jury, he and Gamble were jointly tried by a Common Pleas judge and found guilty of all counts. After merging the firearm specifications and the robbery with the aggravated robbery, the court sentenced Lovett to an aggregate sentence of eighteen years.

Lovett appealed, raising the following assignments of error:

1. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's convictions for rape, kidnapping, aggravated robbery and robbery.

2. Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair trial.

3. The trial court erred as a matter of law by improperly sentencing appellant.

The Hamilton County Court of Appeals affirmed. *State v. Lovett*, Case No. C-090884 (Ohio App. 1st Dist. Oct. 20, 2010)(unreported, copy at Return of Writ, Doc. No. 17, Ex. 11, PageID 143-145.) Lovett then appealed to the Ohio Supreme Court, raising as propositions of law the assignments of error he had presented to the court of appeals. (Return of Writ, Doc. No. 17, Ex. 13, PageID 149-171.) However the Supreme Court declined to take jurisdiction of the case. (Return of Writ, Doc. No. 17, Ex. 14.)

On January 25, 2011, Lovett filed an Application for Reopening under Ohio r. App. P. 26(B) raising the following claims:

1. The prosecution erred to the substantial prejudice of the defendant-appellant when it knowingly presented perjured testimony at trial.

2. Appellant was denied of his Sixth Amendment right under Section 5, Article 1, Ohio Constitution right to confront witness.

3. Appellant was deprived of his Fifth Amendment, U.S. Constitution, Section 10, Article 1, Indictment by Grand Jury, and Double Jeopardy.

4. Defendant-Appellant was prejudiced by his Fourth Amendment U.S. Constitution; Section 14, Article 1, Ohio Constitution Search and Seizure.

5. The trial court erred to the prejudice of Appellant's Co-Defendant by commenting on his failure to testify.

(Return of Writ, Doc. No. 17, Ex. 15, PageID 173-185.) The Court of Appeals denied the Application as untimely and Lovett did not appeal further to the Ohio Supreme Court. Instead he

3

filed here, raising as his eight grounds for relief the eight claims he made at various stages in the state courts.

## Analysis

## First Ground for Relief: Insufficient Evidence

In his First Ground for Relief, Lovett argues his conviction is against the manifest weight of the evidence and also not supported by sufficient evidence.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

4

On the other hand, a claim that a verdict is against the manifest weight of the evidence

cannot be heard in federal habeas corpus because it does not state a claim for relief under the

United States Constitution.   In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme

Court reaffirmed the important distinction between appellate review for insufficiency of the

evidence and review on the claim that the conviction is against the   manifest weight of the

evidence.   It held:

> In essence, sufficiency is a test of adequacy.   Whether the evidence
> is legally sufficient to sustain a verdict is a question of law. *State v.*
> *Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
> In addition, a conviction based on legally insufficient evidence
> constitutes a denial of due process.   *Tibbs v. Florida* (1982), 457
> U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing*
> *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
> 560.   Although a court of appeals may determine that a judgment of
> a trial court is sustained by sufficient evidence, that court may
> nevertheless conclude that the judgment is against the weight of the
> evidence.   *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at
> 388-389, 124 N.E.2d at 149.   Weight of the evidence concerns "the
> inclination of the greater amount of credible evidence, offered in a
> trial, to support one side of the issue rather than the other.   It
> indicates clearly to the jury that the party having the burden of proof
> will be entitled to their verdict, if, on weighing the evidence in their
> minds, they shall find the greater amount of credible evidence
> sustains the issue which is to be established before them.   Weight is
> not a question of mathematics, but depends on its effect in inducing
> belief."   (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the
> basis that the verdict is against the weight of the evidence, the
> appellate court sits as a " 'thirteenth juror' " and disagrees with the
> factfinder's resolution of the conflicting testimony.   *Tibbs*, 457 U.S.
> at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.   See, also, *State v.*
> *Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485
> N.E.2d 717, 720-721 ("The   court, reviewing the entire record,
> weighs the evidence and all reasonable inferences, considers the
> credibility of witnesses and determines whether in resolving
> conflicts in the evidence, the jury clearly lost its way and created
> such a manifest miscarriage of justice that the conviction must be

reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387.

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial

deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010) (slip op., at 5)).

*Coleman v. Johnson*, 566 U.S. ___, 132 S. Ct. 2060, 182 L. Ed. 2d 978 (2012)(*per curiam*).

In deciding this claim on direct appeal, the Court of Appeals held:

In his first assignment of error, Lovett challenges the weight and sufficiency of the evidence adduced to support his convictions. Our review of the entire record fails to persuade us that the trial court, acting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered? The trial court was entitled to reject Lovett's theory that the victim had participated in consensual sex with Lovett and Gamble. The trial court, having received the testimony of each witness, including that of Lovett and the victim, was free to conclude that Lovelt had lured the victim to his apartment so that he and Gamble could kidnap, assault, rape, and rob him at gunpoint. Se*e State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Moreover, the record reflects substantial, credible evidence from which the court could have reasonably concluded that all elements of the charged crimes had been proved beyond a reasonable doubt. See Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781; Slate v. COil way, 108 Ohio St.3d 214, 2006-0hio-79I, 842 N.E.2d 996,1136. The assignment of error is overruled.

*State v. Lovett, supra*, PageID 144.

The Magistrate Judge concludes the Court of Appeals' decision is not an objectively unreasonable application of Jac*kson v. Virginia*, the relevant Supreme Court case. Gamble did not testify at all, so the essential contest over whether the sexual conduct was consensual or forced

was between Lovett and Crawford. The trier of fact was entitled to credit Crawford's testimony,

given the presence of Gamble at Lovett's apartment, the attempted destruction of evidence, the

videotape evidence which remained, the prior theft of Gamble's cellphone by Crawford, and the

theft on this occasion of Crawford's cellphone.[1] Lovett admits to lying about the events in

question but asserts Crawford lied more. But *Jackson v. Virginia* does not require that a trial

judge, hearing a case without a jury, be able to sort out with certainty the conflicting stories of

various participants in a criminal offense. There was sufficient believable evidence in this case to

support a conviction. Ground One for Relief should therefore be dismissed with prejudice.


**Ground Two: Ineffective assistance of trial counsel**


In his Second Ground for Relief, Lovett argues he received ineffective assistance from his

trial counsel. The Court of Appeals also decided this claim on the merits, holding:

> Lovett's second assignment of error, in which he claims that he was
> denied the effective assistance of trial counsel, is also overruled.
> After reviewing the entire record, we hold that counsel's efforts
> were not deficient and that Lovelt was not prejudiced in any way.
> See *Lockhart v. Fretwell* (1993), 506 U.S. 364, 370, 113 S.Ct. 838;
> see, also, *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct.
> 2052.

*State v. Lovett, supra,* at PageID 144. While this decision is summary and made without any

explanation, it is clear the Court of Appeals did decide the claim on the merits and was applying

the correct Supreme Court precedent, *Strickland v. Washington*. It is the decisions of state courts

that federal habeas courts review, not their explanations of those decisions. *Harrington v.*

---

[1] Lovett admits testifying Gamble was "going to hold Mr. Crawford's phone for collateral." Collateral for what? To force Crawford to return Gamble's cellphone? How did Gamble happen to be present when Lovett brought Crawford home for consensual sex? Having had his own cellphone taken as collateral, did Crawford then engage in consensual sex with Gamble?

*Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011). In neither his Petition nor his Reply does Lovett make any argument about how his counsel was allegedly ineffective. The four deficiencies he argued on direct appeal were failure to file a motion to suppress to keep Detective Smallwood from mentioning at trial Lovett's involvement in an alleged drug offense in Arkansas, failure to request a review of Crawford's grand jury testimony after he testified, failure to have an independent medical expert review the hospital records from Crawford's post-incident visit, and failure to argue that the offenses of rape and kidnapping were allied offenses of similar import which should be merged under Ohio R. Code § 2941.25.

Having reviewed the briefing on direct appeal, the Magistrate Judge is not persuaded Lovett established any ineffective assistance of trial counsel. The trial judge as the trier of fact could readily put aside irrelevant testimony about other acts. It was clear from the medical records that Crawford's injuries, if any, were slight and consistent with consensual anal sex, but trial counsel was able to make this argument without an expert. Crawford was vigorously cross-examined and there is no showing that the grand jury transcript would have made a difference. Finally, given the temporal and geographic distance involved, the rape and kidnapping were not allied offenses of similar import in this case.

Therefore Ground Two should be dismissed with prejudice.

### Ground Three: Improper Sentence

In his Third Ground for Relief, Lovett claims he was improperly sentenced. In neither the Petition nor the reply, however, does he explain what he means by an improper sentence.

On direct appeal Lovett argued in his third assignment of error that his sentence was

9

improper because the rape and kidnapping counts should have been merged under the Ohio allied

offenses of similar import statute, Ohio R. Code § 2941.25 and that consecutive sentencing was

improper under *Oregon v. Ice*, 555 U.S. 160 (2009)(Appellant's Brief, Return of Writ, Ex. 9,

PageID 118-120).   The Court of Appeals decided this assignment of error as follows:

> In his final assignment of error, Lovett asserts that the trial court
> erred when imposing sentence. He first argues that the trial court
> erred by separately convicting and sentencing him for kidnapping
> and rape, as they were allied offenses of similar import.   See R.C.
> 2941.25(A).   The offenses were allied and of similar import.   See
> *State v. Bohannon*, 1st Dist. Nos. C-070859 and C-070860,
> 2010-0hio-4596; see, also, *State v. Logan* (1979), 60 Ohio St.2d
> 126,397 N.E.2d 1345. But because the record reflects both a
> temporal and a spatial separation between the commission of the
> rape in Lovett's house and Lovett's and Gamble's forcing of the
> victim into the trunk of the car some time later, the offenses were
> committed separately, and Lovett could have been convicted of and
> sentenced for each offense.   See, e.g., Sta*te v. Jackson* (Sept. 15,
> 2010), lst Dist. No. C-090414, 2010-0hio-4312, ¶ 26; see, also, R.C.
> 2941.25(B).
>
>
> Lovett's argument that the trial court erred in imposing consecutive
> sentences of imprisonment must also fail. This court has held that,
> even after the Supreme Court's decision in *Oregon v. Ice*, (2009), -
> U.S. - ,129 S.Ct. 711.Ohio courts have the authority to impose
> consecutive sentences.   See *State v. Long,* 1st Disl. Nos. C-090248
> and C-090249, 2010-0hio-1062, ¶36. The third assignment of error
> is overruled.

*State v. Lovett, supra,* PageID 145.

   Federal habeas corpus is available only to correct federal constitutional violations.   28

U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis*

*v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,*

463 U.S. 939 (1983).     "[I]t is not the province of a federal habeas court to reexamine state court

determinations on state law questions.   In conducting habeas review, a federal court is limited to

deciding whether a conviction violated the Constitution, laws, or treaties of the United States."

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Lovettt argued the first part of his third assignment of error purely as a question of state law under Ohio R. Code § 2941.25. To the extent he is arguing here that the Court of Appeals was wrong in its interpretation of that statute, the question is not cognizable in federal habeas corpus because it does not implicate any federal constitutional question.

To the extent Lovett is claiming here, as he did in the Court of Appeals, that consecutive sentencing is unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004), that argument was put to rest by *Oregon v. Ice, supra.* The Court of Appeals' decision is neither contrary to nor an unreasonable application of *Oregon v. Ice.* The Third Ground for relief should therefore be dismissed with prejudice.

## Grounds Four, Five, Six, Seven, and Eight

In his last five Grounds for Relief, Lovett argues he was subjected to prosecutorial misconduct, denied his Confrontation Clause rights, deprived of his right to grand jury indictment and protection against double jeopardy, prejudiced by an unconstitutional search and seizure, and prejudiced by the prosecutor's comment on Gamble's failure to testify.

The Warden argues all of these claims are barred by Lovett's procedural default in failing to present them on direct appeal, since they all depend on the record. Lovett makes no response to this argument.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his
> federal claims in state court pursuant to an adequate
> and independent state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can
> demonstrate cause of the default and actual prejudice
> as a result of the alleged violation of federal law; or
> demonstrate that failure to consider the claims will
> result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000).   That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);   *Engle v. Isaac*, 456 U.S. 107, 110 (1982).   Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.   *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);   *Engle*, 456 U.S. at 110;   *Wainwright,* 433 U.S. at 87.   *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).   *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977).   *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).   Lovett admits in his Petition that these claims were first raised in his Application for Reopening.   However, that is not sufficient to preserve them for habeas review, since the claim made in a rule 26(B) application is ineffective assistance of appellate counsel and not the underlying claims.   *Lott v. Coyle*, 261 F.3d 594, 611-12 (6th Cir. 2001); *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005).

Because Lovett failed to present these five claims on direct appeal, they have been procedurally defaulted and should be dismissed with prejudice.

## Conclusion

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith and should not be permitted to proceed *in forma pauperis*.

June 19, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).