# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KELVIN LOVETT,

    Petitioner,

    -vs-

DONALD MORGAN, Warden,
 Southern Ohio Correctional Facility,

    Respondent.

Case No. 1:11-cv-518

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 30) to this Magistrate Judge's Report and Recommendations (Doc. No. 28).  Chief Judge Dlott has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 31).

Lovett pleads the following grounds for relief:

> **Ground One:** The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Appellant's convictions for rape, kidnapping, aggravated robbery, and robbery
>
> **Ground Two:** Appellant was denied effective assistance of counsel in violation of his constitutional rights, thus prejudicing his right to a fair trial.
>
> **Ground Three:** The Trial Court erred as a matter of law by improperly sentencing Appellant.
>
> **Ground Four:** The prosecutor erred to the substantial prejudice of

1

>the defendant-appellant when it [sic] knowingly presented prejuried [sic] testimony at trial.  (Issues for review and argument) Did the state violate the appellant's right to due process and a fair trial when the prosecutor knowingly introduced and/or allowed trial testimony that it [sic] knew or should have known was false and allowed it to go uncorrected when it appeared?
>
>**Ground Five:**  Appellant was denied his Sixth Amendment right under section 5, Article I, Ohio Constitution right to confront witnesses.
>
>**Ground Six:**  Appellant was deprived of his Fifth Amendment, U.S. Constitution; section 10, Article I [Ohio Constitution] indictment by grand jury and double jeopardy.
>
>**Ground Seven:**   Appellant was prejudiced by his Fourth Amendment U.S. Constitution; Section  14, Article I Ohio Constitution search and seizure.
>
>**Ground Eight:**   The trial court erred to the prejudice of Appellant's co-defendant by commenting on his failure to testify.

(Petition, Doc. No. 1.)

This Supplemental Report will deal with Petitioner's Objections in the order he has presented them.

### Objection One

Because the Petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), this judge concluded the Court was required to defer to state court applications of federal law so long as those applications were neither contrary to nor an objectively unreasonable application of federal law as clearly established in decisions of the United States Supreme Court.   (Report, Doc. No. 28, PageID 915.)   Mr. Lovett objects that "Under Article III of the United States Constitution,

Congress may never forbid federal courts in cases within their jurisdiction to reach independent conclusions as to whether a constitutional violation has occurred. . . . Therefore [28] U.S.C. § 2254(d)(1) violates the separation of powers doctrine and is unconstitutional." (Objections, Doc. No. 30, *citing Williams v. Taylor*, 529 U.S. 362 at 387 (2000)(opinion of Justice Stevens); *Davis v. Straub*, 445 F.3d 908 (6th Cir. 2006)(opinion of Judge Martin dissenting from denial of rehearing en banc); and *Crater v. Galaza*, 508 F.3d 1261, 1261-62 (9th Cir. 2007)(opinion of Judge Reinhardt dissenting from denial of rehearing en banc).

The portion of the opinion of Justice Stevens to which Petitioner cites is not the opinion of the Court because it did not command a majority. That portion of the *Williams* decision on this particular point which did command a majority was written by Justice O'Connor and held that the federal courts sitting in habeas must defer to state court opinions on questions of federal constitutional law unless they are objectively unreasonable. Thus Justice Stevens' argument that federal court judgment on such questions after enactment of AEDPA continued to be independent is not the majority opinion of the Court. Moreover, the "objectively unreasonable" standard has been reiterated by the Court since *Williams.* See, e.g., *Bell v. Cone*, 535 U.S. 685 at 693-94 (2002); *Brown v. Payton*, 544 U.S. 133 at 134 (2005); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770 (2011). This Court is, of course, bound by this clear Supreme Court precedent.

**Objection Two**

In his First Ground for Relief, Petitioner asserts he was convicted on insufficient evidence. The Report concluded that the state courts' decision on this question was entitled to two levels of deference under 28 U.S.C. § 2254(d)(1) (Report, Doc. No. 28, PageID 915, citing *Brown v.*

*Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).

Mr. Lovett first objects that, because the Ohio court of appeals is not made up of Article III judges, it "cannot rule on the constitutionality of his detention." (Objections, Doc. No. 30, PageID 927). Lovett cites no authority for this proposition and none is known to this judge. All judges in the United States, of whatever court, are required by the United States Constitution to take an oath of office which acknowledges that the federal Constitution is the supreme law of the land. While the habeas statute entitles state prisoners to a final determination of the constitutionality of their detention by an Article III judge, nothing in the United States Constitution prevents state judges from following their oath of office and discharging state prisoners who are unconstitutionally confined.

Lovett's essential objection on the facts is that the victim admitted he was looking for consensual sex in arranging his meeting with Lovett. But that was not the testimony at trial. As the court of appeals held, the trial judge was entitled to believe the victim's trial testimony, especially given the presence of co-defendant Gamble at Lovett's apartment, the attempted destruction of videotape evidence, the prior theft of Gamble's cellphone by the victim, and the robbery of the victim at gunpoint.

**Objection Three**

In his Second Ground for Relief, Lovett asserts he received ineffective assistance of trial counsel. Lovett made no argument in his Petition or Reply as to what conduct allegedly constituted ineffective assistance of trial counsel, so the Report analyzed the claims he made on direct appeal and concluded that the Ohio court of appeals' decision finding no ineffective

assistance of trial counsel was not objectively unreasonable (Report, Doc. No. 28, PageID 918). In Objection Three, Lovett does not disagree with the Report's analysis that those are the ineffective assistance of trial counsel claims he is making. For the reasons given in the Report, Lovett's arguments are unpersuasive and do not require further analysis.

### Objection Four

In his Third Ground for Relief, Lovett argues he was improperly sentenced. The Report concluded that to the extent Lovett had argued this claim as a matter of interpretation of Ohio's allied offenses of similar import statute, Ohio Revised Code § 2941.25, that was purely a matter of state law, not cognizable in habeas corpus. (Report, Doc. No. 28, PageID 920.) To the extent he was arguing that consecutive sentencing for kidnapping and rape was unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004), that argument had been rejected by the Supreme Court in *Oregon v. Ice*, 555 U.S. 160 (2009), and the Ohio court of appeals' application of *Ice* was not objectively unreasonable. *Id*.

Lovett objects that he is actually making a Double Jeopardy argument (Objections, Doc. No. 30, PageID 930). He argues it was improper to impose consecutive sentences for the rape and kidnapping because "in every rape there is restraint on the victims [sic] liberty. The restraint of Crawford was only incidental to the rape as they involved the same act and the same animus." *Id*. at 930-931.

From the testimony at trial, the court of appeals found that Lovett had lured Crawford to his home on the pretext of consensual sex, but once he was there, he was "held at gunpoint, beaten with a baseball bat, forcibly raped, and robbed of his cellphone. He was then forced into the trunk

5

of Gamble's car and released miles away from Lovett's house." *State v. Lovett*, Case No. C-090884, Judgment Entry of October 20, 2010, Exhibit 11 to Return of Writ, Doc. No. 17, PageID 143.  Thus the restraint on Crawford's liberty is not the mere holding him down incident to forcible rape, but transporting him involuntarily in the trunk of the car to miles away from where the rape happened.  Thus the court of appeals was clearly correct in finding a sufficient temporal and spatial separation to permit separate sentencing under Ohio Revised Code § 2941.25.  *Id*.  at PageID 145.

The Double Jeopardy Clause is not as restrictive as Ohio Revised Code § 2941.25.  The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other."  *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932).  Rape and kidnapping plainly have elements not in common.  A person can be kidnapped without being subjected to nonconsensual sex; a person can be raped where they are found without ever being transported to some other location.

### Objection Five

The Report concluded that Grounds for Relief Four, Five, Six, Seven, and Eight were procedurally defaulted and therefore subject to dismissal (Report, Doc. No. 28, PageID 920-921). Lovett admitted in his Petition that these claims were first raised in his Application to Reopen his direct appeal.  As the Report notes, that is insufficient to preserve these claims for review. Instead, Lovett must establish that his appellate counsel was ineffective for failure to present these claims.

While a criminal defendant is entitled to effective assistance of counsel on his or her first appeal of right and ineffective assistance of appellate counsel will excuse procedural default at that level, the Supreme Court has held a habeas petitioner must exhaust in the state courts any available remedy for ineffective assistance of appellate counsel before presenting it in federal court; it cannot be used as an excuse in federal court if a petitioner has also procedurally defaulted in presenting the ineffective assistance of appellate counsel claim in the state courts. *Edwards v. Carpenter,* 529 U.S. 446 (2000).

Lovett admits that his Application to Reopen was untimely filed, but he also filed "a motion requesting delayed reconsideration, explaining his reasons for the delay . . . which sets forth good cause as to why Lovett was unavoidably prevented from timely filing his application to reopen." (Objections, Doc. No. 30, PageID 933.) The court of appeals did not accept his excuse, but he now "respectfully requests that the Court takes [sic] on the task of determining whether his motion for delayed consideration sets forth cause to excuse his untimely application . . . ." *Id.*

Ohio R. App. P. 26(B) requires that an application to reopen to raise claims of ineffective assistance of appellate counsel must be filed within ninety days of the date when judgment becomes final in the court of appeals. The State of Ohio sought dismissal of the Application because it was filed ninety-seven days after judgment. (Decision affirming conviction journalized October 10, 2010; application filed January 25, 2011. See Return of Writ, PageID 173. This is actually 107 days.) The court of appeals denied the request for late filing, holding:

> Lovett failed to file his application within the 90 days prescribed by App.R. 26(B)(l). And his claims of good cause justifying his filing delay fail. Lovett had no right to counsel to assist him in filing his application. See *State v. Twyford,* 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289 (citing *Morgan v. Eads,* 104 Ohio

7

> St.3d 142, 2004-0hio-6110, 818 N.E.2d 1157, ¶ 22 and 25); *State v. Dennis,* 86 Ohio St.3d 201, 202, 1999-0hio-94, 713 N .E.2d 426. And neither limited, nor limited access to, legal resources constitutes good cause for a filing delay. See *Dennis,* 86 Ohio St.3d at 202; *State v. Witlicki,* 74 Ohio St.3d 237, 238, 1996-0hio-13, 658 N.E.2d275. Nor is this court free, as Lovett suggests, to deem his application filed as of the date when he mailed it. See *State ex* rel. *Tyler v. Alexander* (1990), 52 Ohio St.3d 84, 555 N.E.2d 966.
>
> The Ohio Supreme Court requires intermediate appellate courts to strictly enforce App.R. 26(B)'s 90-day deadline. See *State v. Gumm,* 103 Ohio St.3d 162, 2004-0hio-4755, 814 N.E.2d 861; *State v. Lamar,* 102 Ohio St.3d 467, 2004-0hio-3967, 812 N.E.2d 970. Because Lovett failed to meet the deadline or to establish good cause for his filing delay, the court denies the application. See App.R. 26(B)(1) and 26(B)(2)(b).

*State v. Lovett*, Case No. C-090884 (Entry of June 10, 2011, Return of Writ, Doc. No. 17, PageID 194.)

This Court does not have authority to re-decide the question whether Mr. Lovett showed good cause for late filing. That is a question committed to the decisional authority of the Ohio court of appeals. However, this Court can and must decide whether the state court rule and the ruling based on it is an adequate and independent state ground of decision. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Unfortunately for Mr. Lovett's position, the Sixth Circuit has repeatedly held that the timeliness requirement in Ohio R. App. P. 26(B) is an adequate and independent state ground of decision. Since 1996, "Ohio law has provided sufficient guidance on what constitutes a 'good cause' for a late filing under Rule 26(B)," and "'the time constraints of Rule 26(B) [have been] firmly established and regularly followed.'" *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012), *quoting Hoffner v. Bradshaw*, 622 F.3d 487, 504-05 (6th Cir. 2010) (*quoting Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008)). Thus, Rule 26(B) is an adequate and independent ground on which to find procedural default. *Id.*

8

### Objection Six

In his Sixth Objection, Lovett argues that all of his other five Objections show that his claims are debatable among reasonable jurists and he should therefore be granted a certificate of appealability. Based on the foregoing analysis, the Magistrate Judge disagrees.

### Conclusion

Having reconsidered the Petition in light of the Objections, the Magistrate Judge remains persuaded that the Petition should be dismissed with prejudice, that Petitioner should be denied a certificate of appealability, and that this Court should certify that an appeal would not be taken in objective good faith.

August 30, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).